```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| DARRICK ENTERPRISES, | : | Civil Action No. 05-4359(NLH) |
| d/b/a VINELAND MITSUBISHI, | : | |
| GREGORY A. MORRETT, | : | |
| RICHARD J. HESS, and | : | |
| DARLENE J. HESS, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MITSUBISHI MOTORS CORPORATION, | : | |
| MITSUBISHI MOTORS | : | |
| NORTH AMERICA, INC., and | : | |
| MITSUBISHI MOTORS CREDIT | : | |
| OF AMERICA, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

James H Steigerwald, Esquire
Wayne A. Mack, Esquire
J. Manly Parks, Esquire
Michael S. Zullo, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196

    *Attorneys for Plaintiffs*

Regina Cohen, Esquire
Lavin, O'Neil, Ricci, Cedrone & Disipio
1300 Route 73
Suite 307
Mount Laurel, NJ 08054

John R. Skelton, Esquire (admitted *pro hac vice*)
Brandon L. Bigelow, Esquire (admitted *pro hac vice*)
Serena D. Madar, Esquire (admitted *pro hac vice*)
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

    *Attorneys for Defendants Mitsubishi Motors Corporation and Mitsubishi Motors North America, Inc.*

Kathleen Cavanaugh, Esquire
Greiner, Gallagher & Cavanaugh, LLC
2001 Route 46
Suite 202
Parsippany, NJ 07054

    *Attorney for Mitsubishi Motors Credit of America, Inc.*

**HILLMAN**, District Judge

    Presently before the Court is the motion of Defendant Mitsubishi Motors North America, Inc. to dismiss Plaintiffs' Complaint for failure to state a claim pursuant to Federal Civil Procedure Rule 12(b)(6), or in the alternative, for a more definite statement pursuant to Rule 12(e).  Also before the Court is the motion of Defendant Mitsubishi Motors Credit of America, Inc. to dismiss Plaintiffs' Complaint pursuant to the <u>Colorado River</u> abstention doctrine, and the motion of Mitsubishi Motors Corporation to dismiss Plaintiffs' Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for failure to state a claim pursuant to Rule 12(b)(6).  For the reasons expressed below, Defendants' motions will be denied.

**I.   BACKGROUND**

    Plaintiffs Gregory Morrett, Richard Hess, and Darlene Hess ("Individual Plaintiffs") owned and operated Vineland Mitsubishi, a Mitsubishi Motors automobile dealership incorporated under the corporate entity of Darrick Enterprises ("Corporation

Plaintiff"). The dealership opened in 2001, but closed in 2004.[1] Plaintiffs blame the failure of their dealership on Defendants Mitsubishi Motors Corporation, Mitsubishi Motors North America, Inc., and Mitsubishi Motors Credit of America, Inc.

On September 7, 2005, Plaintiffs filed a Complaint against Defendants, claiming that they violated the New Jersey Consumer Fraud Act, the New Jersey Franchise Practices Act, and the Automobile Dealers' Day in Court Act. Plaintiffs also allege claims for fraud, breach of contract, and breach of the implied covenant of good faith and fair dealing. Specifically, Plaintiffs claim that Defendants fraudulently induced them into opening the Mitsubishi franchise dealership by making various misrepresentations. Plaintiffs also claim that when they operated the dealership, Defendants breached their contract by requiring Plaintiffs to unnecessarily construct a new facility, "dumping" unordered new cars, and having to participate in a financially unsound financing program.[2]

In response to Plaintiffs' Complaint, Mitsubishi Motors North America, Inc. ("MMNA") and Mitsubishi Motors Credit of America, Inc. ("Mitsubishi Credit") each filed a Federal Civil

---

[1]The Complaint does not indicate the exact date the dealership ceased operations. The parties' submissions indicate that the dealership entity is currently involved in Chapter 7 bankruptcy proceedings.

[2]The exact claims against each Defendant will be specified below.

Procedure Rule 12(b) motion to dismiss Plaintiffs' Complaint. During the pendency of those motions, on February 14, 2006 Plaintiffs filed a First Amended Complaint, which added claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and New Jersey state RICO statute. MMNA and Mitsubishi have renewed their motions to dismiss all of Plaintiffs' claims, and Defendant Mitsubishi Motors Corporation ("Mitsubishi Motors") has filed a motion to dismiss Plaintiffs' Complaint under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim.

## II. STANDARD FOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). A court may not dismiss the complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted).

It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings 'give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quoting Conley, 355 U.S. at 47). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

    Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's

claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

**III. ANALYSIS**

    **A.   Mitsubishi Motors of North America's Motion to Dismiss**

Plaintiffs have asserted ten counts against MMNA for state and federal RICO violations (Counts I, II, VI, VII), fraudulent concealment and fraudulent misrepresentation (Count III), violations of the New Jersey Consumer Fraud Act ("CFA") (Count IV), violations of the New Jersey Franchise Practices Act ("FPA") (Count V), breach of contract (Count VIII), violations of the Automobile Dealers' Day in Court Act ("ADDCA") (Count XI), and declaratory relief (Count XIII).

MMNA has moved to dismiss all ten counts for numerous reasons: 1) Morrett and the Hesses cannot assert claims for injuries that result from direct injury to the dealership corporation; 2) Morrett has no basis to pursue any claim because it has not been alleged that he had invested any assets in the dealership in 2001 when it was formed; 3) Plaintiffs' fraud-based claims are based on purported statements by MMNA concerning future performance; 4) Plaintiffs' RICO claims do not allege a

pattern of racketeering activity; 5) Plaintiffs' fraud and RICO claims do not meet the heightened pleading standard of Fed. R. Civ. P. 9(b); 6) Plaintiffs' claim under ADDCA fails because Plaintiffs have not and cannot allege the required "threats, intimidation, or coercion"; and 7) Plaintiffs' Franchise Practices Act and breach of contract claims fail because they have not alleged any actionable conduct by MMNA.  In the alternative, MMNA has requested that the Court order Plaintiffs to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).[3]

Although the fifty-nine page, 254-paragraph Amended Complaint tells a compelling story of the trials and tribulations of the operation of an international automobile company with dealerships through out the United States, it is short on specifics as it relates to the Corporation's and Individual Plaintiffs' RICO claims, as well as the rest of the Individual Plaintiffs' claims.  First, with regard to Plaintiffs' RICO claims, the Court recognizes that RICO is a complicated statute, and a difficult one to plead.  In order to adequately plead a violation of RICO, a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity,

---

[3]Mitsubishi Motors Corporation has joined MMNA's motion to dismiss for failure to state a claim.  Mitsubishi Motors has also moved to contest the assertion of alter-ego liability and the exercise of personal jurisdiction over it.  This motion will be addressed below in Part III.C.

and a pattern of racketeering activity requires at least two predicate acts of racketeering. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004) (citing Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)). Even though at the pleading stage a plaintiff does not have the benefit of discovery to detail the facts to support these elements, specificity in pleading RICO claims is necessary because the penalties imposed upon an unsuccessful RICO defendant are onerous. See Breslin v. Brainard, 2002 WL 31513429, *4 (E.D. Pa. 2002); Darocha v. Crusader Sav. Bank, 1995 WL 118208, *3 (E.D. Pa. 1995).

Here, where specificity is imperative, it is difficult to determine from Plaintiffs' copious Complaint whether they have adequately pleaded a violation of RICO. MMNA argues that Plaintiffs have not, but the Court is not prepared at this time to rule as a matter of law that Plaintiffs have failed to state valid RICO claims. In this District, the Local Rules permit the Court to order Plaintiffs to file a RICO case statement, which was designed to "aid plaintiffs in framing their claims with particularity sufficient for the requirements of the RICO statute." Northland Ins. Co. v. Shell Oil Co., 930 F. Supp. 1069, 1073 (D.N.J. 1996); Local Civ. R. 16.1(b)(4). The statement "is equivalent to a supplemental pleading which shall include the facts the plaintiff is relying upon to initiate this RICO complaint as a result of the 'reasonable inquiry' required

8

by Fed. R. Civ. P. 11." Local Civ. R. Appendix O. The Court believes that Plaintiffs' filing of a RICO case statement will provide clarity and precision in their RICO claims so that it may be determined whether the claims can survive a motion to dismiss. Further, although the RICO case statement is not directed to common law fraud claims, the statement will also serve to clarify those claims as well because Defendants' alleged misconduct is the basis for both claims. It will also serve to clarify Plaintiffs' statutory claims to the extent they underlie the alleged RICO violation.

Second, the Complaint also fails to distinguish between the claims of the Corporation Plaintiff and the Individual Plaintiffs. As MMNA points out, in opposition to MMNA's motion to dismiss the Individual Plaintiffs' claims, Plaintiffs rely on an affidavit of Morrett, rather than pinpointing where in their Complaint they have sufficiently alleged their individual claims. The Court, of course, is not permitted to consider matters outside the Complaint in deciding a Rule 12(b)(6) motion to dismiss, unless the motion is converted into one for summary judgment, which is inappropriate at this time. Thus, although the Court is mindful that Plaintiffs have already amended their Complaint once in response to Defendants' motions to dismiss, and presumably Plaintiffs have already diligently pleaded their best case, the Court will order the Individual Plaintiffs to file a

more definite statement pursuant to Rule 12(e), specifying what claims each Individual Plaintiff maintains separate from those of the Corporation.  The more definite statement will also help to determine whether Plaintiffs' ADDCA, FPA, CFA, and breach of contract claims can survive a motion to dismiss.

Based on the foregoing, MMNA's motion to dismiss Plaintiffs' Complaint will be denied, but MMNA may renew its motion following Plaintiffs' submission of their RICO case statement and their Rule 12(e) statement.

On a separate, yet related, matter, in their submissions the parties raise the issue of the Corporation Defendant's currently pending bankruptcy matter.  Specifically, MMNA argues that Plaintiffs' claims for warranty reimbursement are barred by judicial estoppel based on Plaintiffs' representations in the bankruptcy proceedings.  Plaintiffs counter that MMNA's statement about the bankruptcy proceedings is "absolutely false," and in any event, demonstrates a disputed issue of fact that is not appropriately resolved at this stage in the case.  (Pl.'s Opp. at 21.)  In its reply, MMNA states that the Morrett affidavit submitted in support of Plaintiffs' opposition contradicts Plaintiffs' statements to the bankruptcy court, and that based on the claims "now being asserted in this lawsuit, the Bankruptcy Court set aside the dismissal order in February 2006, reopened the matter and converted it to a Chapter 7 case, and adopted a

trustee."  (MMNA's Reply Br. at 13 n.4.)

It is unclear to the Court how the Corporation's pending bankruptcy matter affects Plaintiffs' claims, but it is clear that in addressing the issues, the parties are going beyond the scope of a Rule 12(b)(6) motion.  If Plaintiffs' warranty claims are barred by judicial estoppel, however, that issue may be appropriately decided at this early stage in the action.  Consequently, the Court will also order the parties to submit supplemental briefing on the specific issue of the effect of the Corporation's bankruptcy on Plaintiffs' claims in this matter.

**B.   Mitsubishi Motors Credit of America's Motion to Dismiss**

All Plaintiffs have asserted claims against Mitsubishi Credit for violations of state and federal RICO (Counts II, VI, VII), violations of the Automobile Dealers' Day in Court Act (Count XI), and for declaratory relief (Count XIII).  The Corporation Plaintiff has asserted claims against Mitsubishi Credit for breach of the loan agreement (Count IX) and breach of the implied covenant of good faith and fair dealing (Count X).  In its instant motion, Mitsubishi Credit has asked this Court to abstain from hearing Plaintiffs' claims because of two concurrently-pending state court actions involving the same parties and parallel claims.  Plaintiffs argue that abstention is not warranted because the state court actions do not involve the same claims or parties.

The first of the two state court actions is a consumer fraud action filed in August 2003 against the Individual and Corporation Plaintiffs by fifty-six customers of Plaintiffs who alleged that they were defrauded by Plaintiffs with regard to retail installment contracts for the purchase of Mitsubishi automobiles.  In addition to claims against Plaintiffs, the customers alleged that Mitsubishi Credit, assignee of the retail installment contracts, should be barred from collecting the amounts due because the contracts were products of fraud by Darrick Enterprises.

The other state court action is a collection action filed in February 2004 by Mitsubishi Credit against the Individual and Corporation Plaintiffs.  In that case, Mitsubishi Credit alleged that Plaintiffs violated their loan agreement by failing to remit payment and account for vehicles sold as required by the loan agreement, and sought to take possession of Plaintiffs' remaining collateral.  Mitsubishi Credit represents that both state court actions are "on the eve of final adjudication."

The threshold issue that must be decided in a Colorado River abstention case is whether the two actions are "parallel."  Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997).  "[P]arallel cases involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'"  IFC Interconsult, AG v. Safeguard Intern. Partners, LLC., 438 F.3d

12

298, 306 (3d Cir. 2006) (citations and quotations omitted). Mitsubishi Credit argues that the issues presented in the two state court actions are identical to the ones here, and that the affirmative defenses asserted by Plaintiffs in the state court actions are identical to Plaintiffs' claims here. Plaintiffs argue that the parties are different in that MMNA and Mitsubishi Corporation are not parties to the collection action, and that the presence of the RICO and ADDCA[4] claims in this action demonstrate that all the issues cannot be resolved by the state court proceedings. Additionally, Plaintiffs argue that because they have alleged a conspiracy between Mitsubishi Credit, MMNA and Mitsubishi Motors, Mitsubishi Credit is "inextricably intertwined" with the other defendants in this action.

The issues raised above regarding Plaintiffs' RICO claims also affect the abstention analysis. Because Plaintiffs' RICO claims have not been precisely defined against each Defendant, it is difficult to determine whether Plaintiffs' RICO claims against Mitsubishi Credit cause this action to be different enough from the state court actions so as to preclude abstention.

---

[4]Mitsubishi Credit, in a footnote in their reply brief, argues that the ADDCA does not apply to it as a matter of law, and therefore should not be considered in determining whether this action and the state court actions are sufficiently parallel to warrant abstention. Because Mitsubishi Credit has not moved to dismiss Plaintiffs' ADDCA claim specifically, and because Plaintiffs have not been afforded the opportunity to oppose that contention, the Court will not address the issue.

Plaintiffs' soon-to-be-filed RICO case statement, as well as Plaintiffs' more definite statement pursuant to Rule 12(e), should help to more precisely illuminate Plaintiffs' claims, which will then help to determine whether their claims are sufficiently parallel to the concurrently pending state court actions to warrant this Court's abstention.

Additionally, because some time has passed since the filing of Mitsubishi Credit's motion and Plaintiffs' opposition, the parties are instructed to inform the Court of the current status of the two state court actions.  Further, as the Corporation Plaintiff's bankruptcy proceedings are an integral part of the parties' arguments for and against abstention, the parties are instructed to inform the Court how the present posture of the bankruptcy proceedings affect the abstention issue.

Accordingly, Mitsubishi Credit's motion to dismiss Plaintiffs' Complaint will be denied without prejudice to Mitsubishi Credit's right to renew its motion following the submission of Plaintiffs' RICO case statement and Rule 12(e) more definite statement.

**C.   Mitsubishi Motors Corporation's Motion to Dismiss**

All Plaintiffs have asserted claims against Mitsubishi Motors for violations of state and federal RICO (Counts II, VI, VII), fraudulent concealment and fraudulent misrepresentation

(Count III), violation of the New Jersey Consumer Fraud Act (Count IV), violations of the Automobile Dealers' Day in Court Act (Count XI), and alter-ego liability for the conduct of MMNA and Mitsubishi Credit (Count XII).  Mitsubishi Motors has filed a motion to dismiss Plaintiffs' claims for lack of personal jurisdiction.  It has also moved to dismiss Plaintiffs' alter-ego liability claim, arguing that it cannot stand as an independent claim.

Mitsubishi Motors argues that Plaintiffs' Complaint has not established the required *prima facie* case for the exercise of personal jurisdiction over the Japanese corporation.  Specifically, Mitsubishi Motors argues that Plaintiffs have not shown (1) that the New Jersey long-arm statute permits the exercise of personal jurisdiction over Mitsubishi Motors, (2) that Mitsubishi Motors has minimum contacts with New Jersey sufficient to satisfy the requirements of due process; and (3) that the exercise of jurisdiction over Mitsubishi Motors would not offend the constitutional touchstones of fair play and substantial justice.  Correspondingly, Mitsubishi Motors argues that if Plaintiffs contend that an aggregated national contacts analysis is appropriate because a claim under RICO permits nationwide service, Plaintiffs should be required to file a RICO case statement detailing the basis for their purported RICO claim.  On a separate issue, Mitsubishi Motors contends that

15

there is no separate cause of action to pierce the corporate veil, and the allegations in Plaintiffs' Complaint do not support such a claim.

In contrast, Plaintiffs argue that (1) alter-ego liability is a valid cause of action, (2) they have alleged sufficient facts to support a claim for piercing the corporate veil, and (3) they have alleged sufficient facts to demonstrate Mitsubishi Motors' contacts with New Jersey and the nation as a whole to support personal jurisdiction over Mitsubishi Motors.

Plaintiffs' voluminous Complaint often refers to the "Mitsubishi defendants" generally in setting forth Plaintiffs' claims, which makes it difficult to parse out what conduct of each Defendant supports Plaintiffs' claims.  Without specificity in their claims, it is difficult to determine whether Plaintiffs have alleged that Mitsubishi Motors has contacts sufficient for personal jurisdiction to be exercised over the Japanese company.

Additionally, in order to withstand Mitsubishi Motors' Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, they must "sustain [their] burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence."  Patterson v. F.B.I., 893 F.2d 595, 603-04 (3d Cir. 1990) (citation omitted).  To support their position, Plaintiffs have cited extensively to Mitsubishi Motors' Annual Reports for 2003, 2004, and 2005 to demonstrate Mitsubishi Motors' contacts

16

Case 1:05-cv-04359-NLH-JS   Document 40   Filed 01/19/07   Page 17 of 19 PageID: 1564

with New Jersey and the United States, as well as its control over its subsidiaries MMNA and Mitsubishi Credit.  It is questionable whether these annual reports qualify as "competent evidence."  See Action Mfg. Co., Inc. v. Simon Wrecking Co., 375 F. Supp. 2d 411, 423-24 (E.D. Pa. 2005) (quoting Doe v. Unocal Corp., 248 F.3d 915, 928 (9th Cir. 2001) ("[R]efernces in the parent's annual report to subsidiaries or chains of subsidiaries as divisions of the parent company do not establish the existence of an alter ego relationship.")).  This problem, coupled with Plaintiffs' pleading issues, weighs against the validity of Plaintiffs' claims against Mitsubishi Motors.  Because Plaintiffs have asserted conspiracy claims[5], however, and the Court has ordered that Plaintiffs file a RICO case statement, Mitsubishi Motors' motion to dismiss will be denied without prejudice to its right to renew its motion following Plaintiffs' filing of their

---

[5] The federal RICO statute provides for nationwide service of process.  18 U.S.C. § 1965.  In circumstances where a plaintiff has alleged a conspiracy between defendants, § 1965 has been interpreted to allow a district court "to entertain a civil RICO claim only where personal jurisdiction based on minimum contacts is first established as to at least one defendant pursuant to 18 U.S.C. § 1965(a).  Once minimum contacts is established as to at least one defendant, the nationwide service of process provision of 18 U.S.C. § 1965(b) enables a plaintiff to bring before a single court all members of a RICO conspiracy."  Pelullo v. National Union Fire Ins. Co. of Pittsburgh, 2004 WL 1102782, *11 (E.D. Pa. May 17, 2004) (citing PT United Can Co. v. Crown Cork & Seal Co., Inc., 138 F.3d 65, 71 (2d Cir. 1998) (adopting this approach); Boone v. Thompson, No. 02-CV-1580, 2002 WL 31478834, *3 (E.D. Pa. Nov. 1, 2002) (requiring sufficient contacts with the forum state to establish personal jurisdiction over RICO defendant)).

RICO case statement.

## IV.  CONCLUSION

For the reasons expressed above, Plaintiffs are directed to file a RICO case statement as provided by Local Civil Rule 16.1(b)(4) and Appendix O.  The Court admonishes the Plaintiffs, however, that in completing their RICO case statement they must strictly comply with the form provided in Appendix O, and they must not simply restate the allegations as they presently appear in their Complaint.  Plaintiffs are also directed to file a more definite statement pursuant to Rule 12(e) to plead with more particularity the claims of Morrett and the Hesses that are distinct from the Corporation's claims.

Additionally, all parties are directed to address the issue of how Plaintiffs' pending bankruptcy affects their claims in this action.  Plaintiffs and Mitsubishi Credit are directed to inform the Court of the current status of the two state court actions.

Based on the foregoing, Defendants' motions to dismiss will be denied without prejudice to their right to renew their motions following the filing of all the supplemental information.  To resolve all these issues expeditiously, and to avoid the filing of redundant motion papers, an appropriate Order will be entered detailing a timetable for the submission of the RICO case

18

statement, Rule 12(e) statement, supplemental briefing, and for oral argument.

Dated: January 19, 2007              s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

19